UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

SAMUEL SOMMER and ELAINE SOMMER,
            *Plaintiffs*,                           :         12 Civ. 1850 (ALC)

        -against-                                   :         **ORDER AND OPINION**

COMMISSIONER OF SOCIAL SECURITY,                    :
            *Defendant.*
                                                    :
-------------------------------------------------------------X

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiffs Samuel and Elaine Sommer move for summary judgment (Dkt. Nos. 25, 27)[1]

on their claim that the Administrative Law Judge (ALJ) for the Social Security Administration

(SSA) refused to decide whether they waived full retirement insurance (RI) benefits by starting

payments at age 62.  Defendant Commissioner moves to dismiss the complaint as not properly

before this Court (Dkt. No. 13).  For the reasons below, the Sommers' motion is denied and the

Commissioner's motion is granted.

FACTUAL BACKGROUND

1. Initial Applications for Benefits

Plaintiffs applied for social security insurance (SSI) benefits on January 28, 1997.  They

began receiving SSI benefits in August 1997.  Plaintiffs stopped receiving SSI benefits as of

April 1999.

As a SSI beneficiary, Samuel Sommer was required to apply for retirement insurance

benefits as soon as he became eligible (age 62).  On May 20, 1998, Mr. Sommer applied for

retirement benefits before his 62nd birthday and, according to the Commissioner, selected an

---

[1] Plaintiffs' motions for summary judgment are to the same effect but not identical on the facts
and arguments presented.  Therefore, the Court will consider them both as one motion.

1

option that allowed him to begin receiving his RI benefits in June 1998 (at age 62), before the full retirement age of 65.  Doing so entitled him to a reduced benefit amount.  His wife, Elaine Sommer, applied for auxiliary spousal benefits to Mr. Sommer's RI benefits on November 10, 1999.

2.   Request for Original Application

On April 8, 2008, the Sommers received a letter from "Mrs. Fiske, District Manager for Social Security" acknowledging their request for copies of their social security applications as filed at age 62.  On March 24, 2009, the Sommers were provided with a copy of their Social Security file, which the interviewer held was complete but did not contain the actual applications.  According to the Sommers, "there [was] nothing in plaintiffs['] files indicating they waived there [sic] rights temporarily and or permanently for receiving full social security benefits at age 65 Additionally, there was nothing in there [sic] applications inferring plaintiff's [sic] benefits would not be fully increased at age 65." (Dkt. No. 27, Pltfs. Aff. for Summary Judgment ¶ 10; Dkt No. 25, Pltfs. Aff. For Summary Judgment ¶ 8).

3.   Notice of Overpayment

In 2008, the Sommers were notified that they had received overpayments.  The relevant overpayment for this case sought repayment for $17,932 against both Mr. and Mrs. Sommer because of alleged excess resources held and not reported while they were receiving SSI benefits between 1997 and 1999.[2]  At some unspecified date, the Sommers requested a hearing on the SSA's determination of overpayment.

---

[2] There is a second overpayment issue not at issue here for $11,756 against Mrs. Sommer only for recoupment of auxiliary spousal benefits when the Sommers's daughter also applied for auxiliary child benefits in September 2007.  On April 9, 2009, this repayment was waived. Declaration of John H. Kenaga ("Kenaga Decl."), Ex. F.

4.  Notice of ALJ Hearing, Hearing and Decision

On November 17, 2009, SSA sent Mrs. Sommer a notice setting the hearing date for December 10, 2009 and informing them that the issue before ALJ Michael Rodriguez was the SSI overpayment determination. Kenaga Decl. ¶ 6, Ex. D ("The general issues are whether you were overpaid benefits within the meaning of section 1631 of the Social Security Act and, if so, whether recovery of the overpayment may be waived."). The November 17 notice further explained that "[t]he specific issues are whether [the appellant, i.e., the Sommers] were "without fault" as defined in 20 CFR § 416.552 in causing the overpayment and, if so, whether recovery of the overpayment would (1) defeat the purpose of Title XVI of the Act. . .(2) be against equity and good conscience . . . or (3) impede efficient or effective administration of Title XVI due to the small amount involved. . ."

The Sommers submitted a handwritten letter, dated December 3, 2009, addressed to ALJ Rodriguez in advance of their overpayment hearing on December 22, 2009, in which they mentioned their claim that they should be able to receive full RI benefits after age 65 (Dkt. No. 25, at 6-7, Dkt. No. 27, at 6-7).

However, on December 22, 2009 SSA sent an amended hearing notice that rescheduled the hearing to January 21, 2010 at 10:30 AM.[3] The December 22 notice referred back to the November 17 notice for information the appellants would need to know about the hearing. Kenaga Decl. ¶ 7, Ex. E.

The hearing was held on January 21, 2010 before ALJ Michael Rodriguez. On February 5, 2010, ALJ Rodriguez issued a "fully favorable" decision, waiving the overpayment of

---

[3] The parties do not explain why the hearing was rescheduled after the initial hearing date had passed.

3

$16,921.25.   But the issue about waiver of full retirement benefits was not discussed at the hearing or mentioned in the February 5 decision.   On March 2, 2010, SSA notified the Sommers by mail of the favorable decision.

DISCUSSION

Plaintiffs contend that two issues were before the ALJ in 2009: (1) whether Elaine Sommer had to pay back an overpayment to SS as a result of their daughter filing for adult disability benefits; and (2) whether plaintiffs temporarily or permanently waived their right to full retirement insurance benefits upon reaching age 65.  Plaintiffs allege that the ALJ did not address the second issue of whether they waived their full retirement benefits.  Because Defendant does not challenge the merits of their argument (that ALJ Rodriguez did not decide whether they were supposed to receive full SS benefits after Mr. Sommer reached age 65), the Sommers believe there is no issue of material fact and thus they should be granted summary judgment.

In contrast, Defendant moves to dismiss the complaint on two grounds.  First, Defendant argues that Plaintiffs cannot appeal a favorable decision, which presumes that the Sommers are trying to appeal ALJ Rodriguez's decision to waive the overpayment of over $16,000 in SSI benefits.  It does not appear that Plaintiffs seek to challenge the ALJ's decision to waive repayment so I need not consider this argument.

Second, Defendant contends this court does not have jurisdiction to decide an issue on first impression, that is, before there has been a final determination through the administrative process).  Defendant argues that Plaintiffs did not present the reduced benefits question until after they requested a hearing for review of the determination that the Sommers owed repayment of SSI benefits.  Consequently, there was never a initial denial of the Sommers' application for

4

full benefits before the SSA, the ALJ or the Appeals Council. So the case could not proceed directly to federal court. Defendants cite 42 U.S.C. § 405(g)[4] in support of their argument that this court does not have jurisdiction.

As an initial matter, there appears to be a misunderstanding about which issues the ALJ was considering. Plaintiffs believed that they could "raise other issues" before the hearing date, while the Defendant asserts that an appellant may only clarify the issue before the ALJ, not raise new issues.

Nevertheless, while not a strictly jurisdictional issue, exhaustion of the administrative remedies is a jurisdictional prerequisite to judicial review for Social Security appeals. See Escalera v. Commissioner of Social Sec., 457 Fed.Appx. 4, 6 n.1, 2011 WL 5865408, at *1 (2d Cir. 2011) ("failure to exhaust is a waivable (i.e., non-jurisdictional) requirement under Section 405(g)") (citing Bowen v. City of New York, 476 U.S. 467, 483, 106 S.Ct. 2022, 2032 (1986)); Reed Elsevier, Inc. v. Muchnick, 130 S.Ct. 1237, 1247 (2010) (in copyright context, registration of copyright, while not a strictly jurisdictional requirement, was a precondition to a copyright claim).

Only final decisions of the Secretary can be appealed to a federal district court. 42 U.S.C. § 405(g). Although the Social Security Act does not define the term "final decision," the Commissioner of Social Security sets forth a procedure for obtaining a final decision. Escalera, 457 F. App'x at 6. In its entirety, a final decision requires a four-step process before proceeding

---

[4] 42 U.S.C. § 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing in which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."

to federal court: first, an initial determination of an application for benefits; second, reconsideration of the initial determination by written request; third, hearing before an ALJ; and fourth, a review of the ALJ hearing decision before the Appeals Council.  Bowen, 476 U.S. at 471-72; Escalera, 457 F. App'x at 6.

The second issue the Sommers presented, that is, whether they permanently waived their right to full retirement benefits at 65, was not properly before the Administrative Law Judge because it was not part of their original appeal from the SSA determination.  The issues before the administrative law judge include all the issues brought out in the initial, reconsidered or revised determination that were not decided entirely in the beneficiary's favor.  20 C.F.R. § 404.946(a).  Therefore, the Sommers could only appeal a determination that had initially been made by the SSA and not decided in their favor.  There was never an initial application for full retirement benefits so an initial determination could not have been made in their favor or otherwise.

Admittedly, an ALJ may consider a new issue not in an original hearing notice.  See 20 C.F.R. § 404.946(b)(1) ("The administrative law judge may consider a new issue at the hearing if he or she notifies you and all the parties about the new issue any time after receiving the hearing request and before mailing notice of the hearing decision. The administrative law judge or any party may raise a new issue; an issue may be raised even though it arose after the request for a hearing and even though it has not been considered in an initial or reconsidered determination. . .").  But the ALJ is not required to hear new issues that were not included in the hearing notice. Furthermore, ALJ Rodriguez could only do so if he notified the parties by written notice that he was considering the new issue, which he never did.  Because there has not been a denial of the full benefits request and the ALJ decided not to consider the new issue at the hearing, the

6

Sommers failed to exhaust their administrative remedies. Because they failed to exhaust prior to seeking judicial review of the reduced retirement benefits, this case is not properly before the Court and must be dismissed.

CONCLUSION

Accordingly, Defendant's motion to dismiss is granted and Plaintiffs' motion for summary judgment is denied. Plaintiffs' request for relief is denied and the action is dismissed without prejudice to plaintiffs' filing a new action after they have exhausted their administrative remedies. Plaintiffs are advised that they must first seek a determination from SSA that they have waived the full retirement benefit. After an unfavorable ruling and unfavorable reconsideration ruling, the Plaintiffs must request a hearing before an Administrative Law Judge. If the Administrative Law Judge does not rule in their favor, they must appeal that decision to the Appeals Council. Plaintiffs will then have 60 days from the date of the receipt of the Appeals Council letter to file a new action. The Court certifies under 28 U.S.C. § 1915(a) that any appeal from this order will not be taken in good faith.

SO ORDERED.

Dated:      September 27, 2013
            New York, New York

ANDREW L. CARTER, JR.
United States District Judge